# SECOND DISTRICT, NOVEMBER, 1897.

M. C. COPE v. M. W. LINDSEY ET AL.

Delivered November 6, 1897.

**1. Range Levy—Stock in Pasture.**
A range levy is not justified, where the stock is confined in pastures under fence, the largest containing only 1280 acres.

**2. Illegal Levy—Quashal.**
A range levy upon stock should be quashed on motion, where it is illegal because the stock were not running at large in a range, but confined in pastures under fence.

APPEAL from Taylor. Tried below before Hon. T. H. CONNER.

*Cockrell & Hardwicke*, for appellant.

*Wm. H. Lockett*, for appellees.

The Reporter has been unable to obtain copies of the briefs.

TARLTON, CHIEF JUSTICE.—The appellee M. W. Lindsey held a judgment in the principal sum of $2729.54 against R. H. Parker, R. E. Carter, M. C. Cope, H. A. Hancock, and R. H. Logan, upon which the clerk of the District Court of Taylor County, on February 8, 1897, issued execution. The judgment had been rendered by the Court of Civil Appeals for the Second Supreme Judicial District, on appeal by R. H. Parker from a judgment of the District Court of Taylor County previously entered on March 13, 1894.

The sheriff of Taylor County, to whose hands the execution came, levied it on certain property as property of the appellant, M. C. Cope, the terms of the levy being as follows: Fifty stock cattle and sixty horses. "All of said cattle and horses are now running and ranging in the Cope pasture, it being a part of the Webb & Sowell pasture, south of J. M. Cope's, known as the Merrill pasture; all of said stock and pastures being in Taylor County, Texas, on the waters of Jim Ned Creek. This levy is a range levy, made in the presence of M. C. Lambeth and J. A. Thomas, two credible persons; and said stock will be sold as they run on said range. Levied on as the property of M. C. Cope."

It appears that the Merrill pasture referred to consisted of 1280 acres all under fence, and that the other pasture consisted of 586 acres, all under fence; that the stock were within the inclosure, and that the horses were in the Merrill pasture.

Subsequently the sheriff again levied the execution upon certain property, the levy being in the following terms: "181 head of horses, mules, and horse and mule colts; 80 head of said stock being mares branded PRK; 18 two-year-old mules—if branded, brands unknown; 35 head one-year-old mules—if branded, brands unknown. The remaining 15 head are of all ages, of both horse and mule stock—if branded, brands un-known. All of said stock running on their range in the Shelley pasture and adjacent range on the waters of Rainey Creek, in Taylor County, Texas. This levy is a range levy made in the presence of A. L. Turner and J. P. Daniel, two credible witnesses, and said stock will be sold as they run on said range. Levied upon as the property of R. H. Logan, R. E. Carter, H. A. Hancock, and M. C. Cope."

In this proceeding the plaintiff moved the court to quash this levy, on the ground, briefly stated, that the stock were not running at large in the range; that the levies made were not in accordance with law, the location of the stock not justifying a range levy; that a sale of the property under such a levy would subject it to an unfair price; that it would result in damaging confusion to the possession and the rights of appellant—with averments of like character.

On exception the court declined to entertain this motion. In this we think there was error. The allegations show that the facts did not justify a range levy, such as contemplated by the statute; that the stock were not running at large in a range, but that they were confined in pastures all under fence, the largest containing 1280 acres. The allegations negative the existence of the conditions which would justify a range levy as prescribed by article 2350, Revised Statutes. They negative the fact that the stock could "not be herded and penned without great inconvenience and expense." In fact, they indicate that the horses and cattle could be herded and penned without great inconvenience and expense.

No reason is perceived, under the facts alleged by the plaintiff, why in this case the sheriff could not follow the method prescribed as ordinarily necessary to the validity of a levy upon personal property, viz., why he could not take possession and control of the stock, situated, as they were, in inclosures of moderate size. Gunter v. Cobb, 82 Texas, 603.

The area of these pastures was so limited that it seems to us but little inconvenience or expense would have been necessitated in gathering the stock and taking care of them. Indeed, this slight inconvenience and expense would be greatly overbalanced by the injurious consequence which would attach were the provisions of article 2350, Revised Statutes, applied to a state of facts such as here presented.

As the levy was an illegal levy, it was proper for the District Court to entertain a motion to quash it; and though the judgment was rendered upon affirmance by the appellate court, the District Court to which the mandate of the appellate court had been addressed was the proper tribunal to issue the execution. This execution, however, should not have included, as in this instance, the costs of $23.10 incurred in the appellate

court (Bonner v. Wiggins, 54 Texas, 149); and as to these costs, but no farther, the execution itself should have been quashed, as appellant prayed.

*Reversed and remanded.*

Writ of error granted; rulings of Court of Civil Appeals affirmed, and judgment rendered for appellant. See 91 Texas, 463.